IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TYRONNE DAVIS, et al., etc.,           )
                                       )
                Plaintiffs,            )
                                       )
        v.                             )      No.  10 5958
                                       )
ABM SECURITY SERVICES, INC.,           )
                                       )
                Defendant.             )

MEMORANDUM ORDER

ABM Security Services, Inc. ("ABM"), having removed this
state-court-filed class action to this District Court under the
auspices of the Class Action Fairness Act ("CAFA"), has filed its
Answer and Affirmative Defenses ("ADs") to the Complaint brought
against it by the putative class representatives.  This
memorandum order is issued sua sponte because of some problematic
aspects of that responsive pleading.

To begin with, it really flouts the directive of Fed. R.
Civ. P. ("Rule") 8(b)(1)(B) for ABM to respond to Complaint ¶6's
allegation of jurisdiction by stating "Defendant admits that
Plaintiffs <u>allege</u> jurisdiction is proper in this Court,"[1] just as
it is improper to respond to Complaint ¶7's allegation of venue
in the same fashion.  Indeed, having itself brought this action
through the federal courthouse door by asserting federal
jurisdiction under CAFA, ABM cannot in good conscience (see Rule

_____

[1] That meaningless statement says nothing at all about
whether ABM admits or denies the existence of subject matter
jurisdiction.

11(b)) do anything other than <u>admit</u> the allegations in Complaint ¶6 (except for substituting the federal statutory basis for jurisdiction in place of the state basis alleged in the Complaint). Accordingly Answer ¶¶6 and 7 are stricken, but with leave granted to file replacements to those paragraphs on or before October 8, 2010.

Next, several of the ADs do not conform to the concept embodied in Rule 8(c) and the caselaw construing it--and see App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Here are the problems:

1. "To the extent," the locution employed in ADs 1 and 3, is the sure tipoff that an AD fails to satisfy the notice pleading concept that underpins the Rules and is incumbent on defendants as well as plaintiffs. And as to AD 1 in particular, ABM's position vis-a-vis plaintiff Jamie Thomas has been put in issue by its denials of various allegations in the Complaint. For both those reasons, the purported AD must be and is stricken.[2]

2. AD 3 is totally uninformative. If ABM really asserts a failure on plaintiffs' part to exhaust administrative remedies or to comply with statutory requirements, it must justify those assertions by a properly

---

[2] Because AD 2 adds another wrinkle (the claimed lack of standing), it will be permitted to stand.

presented motion.  In the meantime AD 3 is stricken, but without prejudice to its possible reassertion.

3.  Because Complaint ¶16 and the prayer for relief in each of the Complaint's two counts charges ABM with willful statutory violations, AD 4 is at odds with the principle that an AD admits the opposing parties' allegations but goes on to explain why defendant is not liable anyway (or perhaps is liable for less than plaintiffs claim).  AD 4 is also stricken.

4.  AD 5 appears to have been overtaken by federal principles as to attorneys' fee awards if the case remains here.  Hence it too is stricken, subject to possible reassertion in federal terms.

5.  AD 6, which advances a possible claim of failure to mitigate damages, is totally speculative.  If in the future ABM learns facts to support such a defense, it may be asserted then.  But in the meantime it too is stricken.

6.  If the statutes on which the putative class seeks to rely do indeed contain an exception for de minimis damages, or if the relevant caselaw creates such an exception, that subject must also be raised by an appropriate motion with citation to relevant authority.  If that is not done on or before October 8, 2010, AD 7 will also be stricken.

7.  As for AD 8, what has been said as to AD 3 applies with equal force.  It too is stricken without prejudice.

Finally, the stated reservation of a right to add other ADs is really meaningless.  If and when that were to be appropriate, it would have to be raised by a motion seeking leave to file.  In the meantime that assertion is also stricken.

_____
Milton I. Shadur
Senior United States District Judge

Date:  September 29, 2010