```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

TYRONE DAVIS, LATOYA JAMES,   )
JAMIE THOMAS, Individually    )
and on Behalf of All Others   )
Similarly Situated,           )
                              )
          Plaintiffs,         )
                              )
     v.                       )    No. 10 c 5958
                              )
ABM SECURITY SERVICES, INC.,  )
                              )
          Defendant.          )
```

## MEMORANDUM ORDER

This Court has calculated the amount in controversy for purposes of determining the propriety of its removal from the Circuit Court of Cook County under the auspices of the Class Action Fairness Act ("CAFA," 28 U.S.C. § 1332(d)). In doing so it has accepted the calculations of counsel for removing defendant ABM Security Services, Inc. ("ABM Security") at pages 8 to 12 of its Third Amended Notice of Removal ("Notice") as to the total amount of back pay damages potentially owed to the putative class members (past and present security guards employed by ABM Security and related companies): the sum of $3,801,204.07.[1]

---

[1] At today's status hearing class counsel advised that their contacts with their class member clients had raised doubts as to the validity of the most basic assumption underlying the ABM Security calculation: the premise tht the unpaid-for time that they claim is as much as one-half hour per day (2-1/2 hours per week). If those doubts are well-founded in fact, the conclusion stated in this order as to the jurisdictional insufficiency of the amount in controversy would be even more firmly established.

But because the same submission claims an unexplained amount of $1,442,878.07 as the 2% per month in damages provided for under the Illinois Minimum Wage Law, 820 ILCS 105/12(a)("Section 105/12(a)"), this Court has made an independent calculation of that figure. It is obvious that the figure in the Notice is probably in large part (if not entirely) due to (1) a mistaken treatment of a year's back pay figure as giving rise to a 24% amount,[2] while the actual interest figure is of course only half that amount because the calculation is made <u>monthly</u> and because the back pay accumulates ratably over the year-long period, and (2) the likely failure to read and to apply properly the statutory date when the 2% interest figure kicks in.[3]

With the 2% interest figures recalculated to correct such errors, they aggregate only $1,193,244, bringing the total amount attributable to the asserted unpaid wages to $4,994,448.07. And as for the only other potential component of plaintiffs' recovery under Section 105/12(a) ("reasonable attorneys' fees"), the test

---

[2] During the status hearing ABM Security's counsel said he believed that mistake had not been made by his numbers cruncher, but it became clear that the flawed premise described in the text had been employed at least for the fractional portion of the year 2007 included in the calculation. Whether that was also true for the 2008-10 period is uncertain, but in any event this Court's calculation used the correct concept.

[3] In that respect Section 105/12(a) (emphasis added) speaks of "2% of the amount of any such underpayments for each month <u>following</u> the date of payment during which such underpayments remain unpaid."

2

(also employed by ABM Security) is that stated in <u>Oshana v. Coca-Cola</u> Co., 472 F.3d 506, 510-11 (7th Cir. 2006) (citation omitted):

> The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, or in the event of removal, on the day the suit was removed.

As of that date counsel for the putative class had simply filed the Complaint, legal work that did not push the total past the $5 million-plus floor prescribed by CAFA.

Although there may not accordingly be much of a shortfall in CAFA terms, the over-$5 million floor is jurisdictional. Because subject matter jurisdiction is therefore lacking, this Court orders this action remanded to its place of origin in the state court. Finally, because the matter has been hanging fire for an extended period due to the extensive (and much appreciated) work done by ABM Security in marshaling the figures, this Court orders that the certified copy of the order of remand be mailed forthwith, to enable the parties to go about the business of litigating this disputed action.

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Dated:    December 29, 2010